## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **LIBERTY INSRUANCE CORPORATION, et al.,** | : | **Civil Action No. 13-5941 (MAS)** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **MEMORANDUM OPINION** |
| **v.** | : | |
| | : | |
| **BULK EXPRESS LOGISTICS, INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

This matter comes before the Court upon Defendants, Bulk Express Logistics, Inc., Bulk Alternative Logistics, Inc., RNA Leasing, Inc., Robert Lombard and Charlene Lombard's ("Bulk") request for leave to file an Amended Third Party Complaint [Docket Entry No. 19] to join additional parties, Dale Thompson and Michael DeStasio in their individual capacities, and two corporate entities, Breckenridge Enterprises Inc., d/b/a AMS Staff Leasing and Dallas National Insurance Company, as Third Party Defendants.    Bulk also seeks to add a claim against Third Party Defendant, Ironbound Business Insurance Agency, Inc., and to remove claims against the John Doe Third Party Defendants.    Plaintiff, Ironbound Business Insurance Agency, Inc., improperly implead as Iron Bound Insurance ("Ironbound"), opposes Bulk's Motion Docket Entry No. 21]. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Bulk's motion. The Court considers Bulk's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Bulk's motion is GRANTED.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On October 4, 2013, Plaintiffs, Liberty Insurance Corporation and LM Insurance Corporation ("Liberty"), filed their Complaint alleging that through its principals, Robert and Charlene Lombard, committed insurance fraud by maintaining two separate books and carrying out a scheme to avoid paying workers' compensation premiums.   (*See* Brief in Opposition; Docket Entry No. 21 at 1). On November 14, 2013, Bulk filed an Answer and Third Party Complaint against Ironbound, alleging that to the extent Bulk committed insurance fraud as alleged by Liberty, that was the result of errors and omissions by Ironbound. (*Id* at 2). On August 23, 2014, Bulk filed the instant Motion for Leave to file an Amended Third Party Complaint. (*See* Motion to Amend; Docket Entry No. 19).   On September 5, 2014, the Court issued a Letter Order which stayed depositions, pending a decision on the Motion to Amend Third Party Complaint. (*See* Letter Order; Docket Entry No. 20).   The Letter Order also stated an adjusted schedule would be addressed upon the decision of the motion to amend. (*Id.*).

## II. ARGUMENTS

### A.  BULK'S ARGUMENT

Bulk argues it has met the standard for leave to amend under Federal Rule of Civil Procedure 15 and therefore should be permitted to file an amended Third Party Complaint. (*See* Motion to Amend; Docket Entry No. 19 at 2). Bulk states Fed. R. Civ. P. 15(a)(2) provides: "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give [leave] when justice so requires." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   Bulk further states "Rule 15(a) embodies the liberal pleading philosophy of the federal rules in order to ensure that claims will be decided on the merits." *Adams v. Gou*l, 739 F.2d 484, 487 (3d Cir. 1990).

Bulk argues the grounds that could justify a denial of leave to amend are: (1) undue delay, (2) bad faith, (3) dilatory motive, (4) prejudice, and (5) futility. (*See* Motion to Amend; Docket Entry No. 19).   Bulk further states, "these factors have been interpreted to mean that prejudice to the non-moving party is the touchstone for the denial of an amendment." (*Id*. at 3 (citing *Lorenz v. C'SX Corp*., 1 F.3d 1406, 1414 (3d Cir. 1993)). Moreover, Bulk states that in determining what constitutes "prejudice" the Court shall consider whether the assertion of the new claim would require the opposition to expend significant additional resources to conduct discovery and prepare for trial or would significantly delay the resolution of the dispute. (*Id*. at 3 (citing *Adams* 739 F.2d at 869)).

Here, Bulk argues the proposed amendment does not pose any prejudice to Ironbound within the meaning of Fed. R. Civ. P. 15(a) because Ironbound has not unnecessarily expended any resources. (*Id*. at 4). Bulk claims that the proposed amendment does not and will not affect discovery in any significant way since depositions have yet to be conducted.   Moreover, the depositions of the two proposed individual third party defendants would have been conducted anyway as their depositions are necessary regardless of the amendment. (*Id*.).

Bulk further argues they did not unduly delay in preparing the amendment, stating the request to amend was filed within the deadline set by the Court's July 29, 2014 Minute Entry. [1] Furthermore, Bulk contends they announced on numerous occasions both on teleconferences with the Court and in correspondence with the parties, their intention to file an Amended Third Party Complaint. Therefore, opposing counsel and parties had adequate notice and were not

---

[1] On July 29, 2014, the Court entered a Minute Entry stating the deadline to file a Motion to Amend would be reset for August 22, 2014. It should be noted that although Bulk claims the Motion to Amend was filed within said deadline, the timestamp on the Docket notes it was filed on August 23, 2014 at 4:22 p.m. Ironbound does not contest the timelessness of the motion. Therefore, the Court shall accept the motion as timely filed.

surprised.

Bulk also contends that Ironbound cannot be prejudiced, or caught off guard, by the new facts alleged in the proposed amendment since they have firsthand knowledge of the role they played in the transaction at issue. Lastly, Bulk argues the proposed Amended Third Party Complaint is not futile because they have "alleged sufficient facts to state a claim for relief that is facially plausible." (*Id*. at 4). Bulk further states, "where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper." (*Id*.).

**B. IRONBOUND'S ARGUMENT**

Ironbound opposes Bulk's motion seeking leave to file an Amended Third Party Complaint in part. Specifically, Ironbound takes issue with (and only with) Bulk's attempt to assert claims against Dale Thompson in his individual capacity while in the course of his employment at Ironbound.   Ironbound argues that this portion of Bulk's motion should be denied because it is untimely, will cause delay, is highly prejudicial towards Mr. Thompson, and would be futile. (*See* Brief in Opposition; Docket Entry No. 21). With respect to futility, Ironbound states the pleading does not identify any factual or legal basis upon which Mr. Thompson could be held personally liable for his dealings while employed with Ironbound.

Similar to Bulk, Ironbound states that amendments to pleadings are governed by Fed. R. Civ. P. 15(a).   The Court's decision whether to grant or deny the motion rests within the sound discretion of the trial Court. (*Id*. at 4 (citing *Rolo v. City Investing Co. Liquidating Trust, et al*., 155 F.3d 644, 654 (3d Cir. 1998)). Furthermore, Ironbound argues that leave should be denied where there is undue delay, bad faith or a dilatory motive on the part of the movant or undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182.   Again, here, Ironbound contends the proposed amendment with respect to Mr. Thompson, will cause delay, will be

extremely prejudicial to Mr. Thompson and will be futile. (*Id*.).

## 1.  UNTIMELY AND WILL CAUSE DELAY

Ironbound argues Bulk's proposed amendment as to Mr. Thompson should not be granted because it will only serve to cause delay. Ironbound states, "where a proposed pleading merely seeks to replead facts and arguments that could have been pled much earlier in the proceedings, leave to amend should be denied." (*Id*. at 5 (citing *Gasoline Sales Inc. v. Aero Oil Co.*, 39 F.3d 70, 74 (3d Cir. 1994)). Ironbound contends Bulk has been in possession of Ironbound's discovery since January 31, 2014, yet no amended pleading was sought.   The parties exchanged written discovery, filed discovery motions, and had conferences with the Court, yet Bulk never sought an amended pleading until now. (*Id*.). Ironbound argues Bulk's proposed amendment should be denied because enough information was known to amend the Third Party Complaint yet Bulk delayed its attempt to amend its pleading.

Ironbound further contends the proposed pleading will only serve to cause delay. If the Court grants Bulk's motion to add Dale Thompson as a Third Party Defendant, Ironbound argues additional written discovery will be needed to depose him. (*Id*. at 6).   Ironbound also contends Dale Thompson may have to find and retain his own legal counsel, which will further delay litigating this matter. (*Id*.)

## 2.  HIGHLY PREJUDICIAL TO MR. THOMPSON

Ironbound argues Bulk's proposed amendment which seeks to add Mr. Thompson in his individual capacity and hold him personally liable to indemnify Bulk for Plaintiff's claims, is highly prejudicial. Ironbound states "It is hard to imagine anything more prejudicial than a complaint seeking to enter judgment against someone individually and hold them personally liable for money damages." (*Id*. at 7).   Ironbound cites to *Cornell & Co. v. Occupational Safety*

5

*& Health Review Comm'n*, which has held that prejudice to the non-moving party is the touchstone for the denial of an amendment.   *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978).   Here, Ironbound argues the cost of hiring attorneys separate and apart from Ironbound's counsel would be highly prejudicial.   Ironbound further contends that because Mr. Thompson is now retired and no longer working, the proposed amendment seeking to hold him personally liable is highly prejudicial and should not be permitted. (*Id.*).

### 3.  FUTILITY

Lastly, Ironbound argues the proposed Amended Third Party Complaint fails to state a claim for which relief may be granted, and is therefore, futile. (*Id.* at 7). Moreover, Ironbound contends Bulk failed to plead any facts or identify any legal bases upon which Mr. Thompson could be held personally liable to pay money damages for insurance consultations made while he was affiliated with Ironbound. (*Id.* at 7-8). Relying on *Crawford v. West Jersey Health Systems*, Ironbound states a motion for leave to amend should be denied on futility grounds where there is no basis to impose personal liability on employees. *Crawford v. West Jersey Health Systems*, 847 F.Supp. 1232 (D.N.J. 1994). Ironbound also relies on *Solomon v. Klein*, which affirmed the trial court's dismissal based on no personal liability of employees. (*Id.* citing *Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir. 1985)).   Here, Ironbound argues "absent any allegations that Bulk… is attempting to pierce a corporate veil...there is no legal basis upon which to impose personal liability for representations made by him regarding insurance coverage while handling business at Ironbound." (*Id.* at 8).

Ironbound also contends Bulk has failed to identify any facts or law which would give rise to a right to common law indemnification by Mr. Thompson.   Ironbound states, New Jersey

does recognize a right to common law indemnification, but it is confined to those whose negligence is merely constructive, technical, imputed or vicarious. (*Id.* citing *Adler's Quality Bakery v. Gaseteria,* 32 N.J. 55, 79-80 (1960)).    Here, Ironbound argues Bulk perpetuated a long-standing devious scheme to avoid paying workers' compensation premiums. Bulk is not being held vicariously liable for any alleged negligence of Mr. Thompson, but rather Ironbound seeks to hold Bulk directly responsible for a fraud intentionally committed.    Therefore, Ironbound contends that there is no right to common law indemnification under these circumstances. (*Id.*).

### C. BULK'S REPLY

In its reply, Bulk reasserts the arguments set forth in its moving papers, i.e., the proposed amendment is not untimely, is not unduly prejudicial to Dale Thompson, and is not futile. (*See* Reply Brief; Docket Entry No. 22). Bulk argues it has met the requirements of Fed. R. Civ. P. 15(a), which embodies the liberal pleading standard of the Federal Rules in order to ensure that claims will be decided on the merits.

Bulk contends the proposed amendment should not be denied on the grounds of undue delay, as Bulk has not delayed in preparing the amendment. Bulk filed the motion within the deadline set by the Court, August 22, 2014. (*Id.* at 4). Moreover, Bulk states the proposed amendment does not affect discovery because depositions have yet to be completed let alone begun and the depositions of the two new individual third party Defendants would have occurred in any event. (*Id.* at 3-4).

Bulk further argues the proposed amendment is not unduly prejudicial to Dale Thompson in his individual capacity. (*Id.* at 5). Bulk refutes Ironbound's assertion that Dale Thompson is prejudiced by the fact that he is being sued and that he "may" have to retain new counsel. (*Id.*).

Bulk states the non-moving party, Ironbound, "must do more than merely claim prejudice." (*Id.* (citing *Bechtel v. Robinson, et al.*, 886 F.2d 644, 652 (3d Cir. 1989)). Bulk contends that based on Ironbound's logic, no amendments adding additional parties would ever be permitted, since all defendants would be prejudiced, which clearly is not the case. Instead, Bulk claims Ironbound has simply failed to meet their burden of showing how the addition of Dale Thompson is unduly prejudicial.

Lastly, Bulk reasserts their claims that the proposed amendment is not futile. Bulk argues that an amendment is futile only "where the amendment would not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (*Id.* at 6 (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.)). Bulk notes that the courts have placed a heavy burden on opponents who wish to declare a proposed amendment futile. "If a proposed amendment is not clearly futile, then denial of a leave to amend is improper." 6 Wright, Miller & Kane, *Federal Practice and Procedure* §1487 (2d ed. 1990). Here, Bulk argues the proposed amendment is not futile because Bulk has alleged sufficient facts to state a claim for relief that is facially plausible. (*Id.*).

## III.   ANALYSIS

As a threshold matter, the Court notes that Ironbound does not oppose Bulk's proposed amendment in regards to the addition of Michael DeStasio, the two corporate entities, Breckenridge Enterprises Inc. d/b/a AMS Staff Leasing and, Dallas National Insurance Company, and the fraud claim against defendant Ironbound Business Insurance Agency, Inc. Ironbound merely contends the motion should be denied insofar as it seeks to amend the Third Party Complaint to assert allegations against Dale Thompson individually for actions undertaken while in the course of employment at Ironbound. Therefore, the Court will focus on the arguments in support of and in opposition to the addition of Dale Thompson in his individual

capacity.

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely.   *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).   While the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" (*Id.*), where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

The Court finds Bulk's motion is not the product of bad faith, dilatory motive or undue delay. Bulk seeks to join additional parties, Dale Thompson and Michael DeStasio in their individual capacities, and two corporate entities, Breckenridge Enterprises Inc., d/b/a AMS Staff Leasing and Dallas National Insurance Company, as Third Party Defendants. Bulk filed their motion along with their Proposed Amended Third Party Complaint on August 22, 2014.[2]  The deadline to amend, as set forth in the July 29, 2014 Minute Entry, was August 22, 2014. Therefore, Bulk's Motion to Amend the Third Party Complaint was filed within the deadline set by the Court.   Thus, Bulk's motion was timely filed.

Further, the Court finds that granting Bulk's motion will not unduly prejudice Dale Thompson.   Ironbound argues that Dale Thompson would be prejudiced if Bulk's motion were granted because "it is hard to imagine anything more prejudicial than a complaint seeking to

---

[2]  The Court notes that Bulk, with the consent of Ironbound, revised the original Proposed Amended Third Party Complaint. The Court relies upon the Proposed Amended Third Party Complaint attached to Bulk's Reply Brief as Exhibit A.

enter judgment against someone individually and hold them personally liable for money damages." (*See* Brief in Opposition; Docket Entry No. 21 at 7). Ironbound further states that Mr. Thompson is retired and no longer working.   He would have to hire a new attorney to represent him, which would be costly and highly prejudicial. (*Id*).

The Court is unpersuaded that any of the above factors establish that Bulk's proposed amendment would be unduly prejudicial. Instead, the Court agrees with Bulk, if Ironbound's logic were correct and Mr. Thompson is prejudiced by the fact that he is being sued and may need to retain counsel, no amendments adding additional parties would ever be permitted. The "prejudice" Ironbound points to, simply represents the inconvenience incidental to being sued. This does not rise to the standard of prejudiced required to preclude a proposed amendment to a pleading.   Moreover, Ironbound provides no relevant case law to support barring Bulk's proposed inclusion of Mr. Thompson based on this type of "prejudice." Therefore, the Court finds that Ironbound and Mr. Thompson will not be unduly prejudiced if Bulk's motion is granted.

In addition, the Court finds that the proposed Amended Third Party Complaint is not futile.   An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."   *Harrison Beverage Co. v. Dribeck Imp., Inc.*,, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).   To evaluate futility, the District Court uses "the same standard of legal sufficiency" as applied to a motion to dismiss under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   "Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." *Id.* Moreover, "[i]f a proposed amendment is not clearly futile, then denial of a leave to amend is improper." 6

Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 *(*2d ed. 1990).

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief[.]" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008 "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face[.]'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

The Supreme Court stated in *Bell Atlantic Corp. v. Twombly* that "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage, it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" to support Plaintiffs' claim.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).   The Court finds that Bulk has met the plausibility standard set out in *Twombly*.

As such, the Court finds that Bulk's proposed amendment is not clearly futile.   The claims are comprised of sufficient factual allegations, which when accepted as true and viewed in the light most favorable to Bulk, raise Bulk's right to relief above the speculative level. Ironbound's arguments that Bulk has not identified any legal basis upon which Mr. Thompson can be held personally liable or any facts or law which would give rise to a right to its common law indemnification by Mr. Thompson, are not accurate.

First, the two cases relied upon by Ironbound, *Crawford* and *Solomon*, supporting a dismissal of a proposed amendment on futility grounds are inapposite as they deal with different issues. The *Crawford* matter relates strictly to Title VII and ADEA claims. *Crawford v. W. Jersey Health Sys.*, 847 F. Supp. 1232, 1237 (D.N.J. 1994).   The matter at hand does not relate to either Title VII or ADEA claims, therefore, the Court does not find this case relevant. Similarly, the *Solomon* matter cited by Ironbound does not relate to the issues at hand.   There, the Court stated "the limited confines of this case…, all that we are required to determine is whether under concepts of statutory construction of ERISA we should conclude…that corporate officers or large stockholders could be held liable for a corporation's violation of ERISA. *Solomon v. Klein*, 770 F.2d 352, 354 (3d Cir. 1985).   Again, this has no bearing on the issues raised in this matter.   Therefore neither of these cases convince the Court that Mr. Thompson cannot be held personally liable as asserted by Bulk.

Second, while Ironbound correctly states that New Jersey law does not recognize a right to common law indemnification when the underlying claim is based on fraud, it overlooks the fact that certain claims asserted by Bulk are sound in contract, not just fraud.   Bulk seeks common law indemnification with respect to the coverage provided. For example, Bulk alleges the following in paragraphs 10 and 19 of the Proposed Amended Third Party Complaint:

> 10. Dale Thompson is an insurance producer who worked for Martin Financial Group, Thompson Transportation Services, and Ironbound Business insurance Agency, Inc. Thompson was the main insurance producer who handled Defendant/Third Party Plaintiffs' account during the relevant period.

> 11. From 2004-2007 and 2008-2012, Defendant/Third Party Plaintiff paid Dale Thompson, either as an agent of Martin Financial Group, proprietor of Thompson Transportation Services, LLC and/or an agent of Ironbound Business Insurance Agency, Inc., to procure workers' compensation insurance for both Bulk Express and Bulk Alternative.

12

12. In 2011, Dale Thompson advised defendants that they would provide Defendants/Third Party Plaintiffs with a plan whereby its contractors could purchase cost-effective workers' compensation insurance in lieu of adding them to their policy.

13. This plan was to purchase Occupational Accident Insurance through David King of High Point Underwrites, LLC, a Managing General Agent working with Companion Property & Casualty Insurance Company ("Companion").

14. AMS Staff Leasing signed a Client Participation Service Agreement with Bulk Alternative, guaranteeing that AMS would provide Workers' Compensation coverage to any independent contractor who was determined to be an employee. (Exhibit A)

15. Based on the recommendation of Ironbound Business Insurance Agency Inc. and Thompson, Defendants/Third Party Plaintiffs purchased Policy Number WC77779980901 from Companion Property & Casualty Insurance Company through Third Party Defendant Insurance Broker, Ironbound Business Insurance Agency, Inc., and Dale Thompson effective March 1, 2012. (Exhibit B)

16. Dale Thompson assured Defendants/Third Party Plaintiffs that the Policy would cover all of Defendants/Third Party Plaintiffs' owner-operators and was supposed to satisfy all of Defendants' workers' compensation insurance obligations as required by the laws of the State of New Jersey.

17. To the extent that Defendants are found to have inadequate workers' compensation insurance coverage it is the result of error and/or omission by Ironbound Business Insurance Agency, Inc., AMS Staff Leasing, and Dale Thompson.

18. Defendant Bulk Alternative has denied liability to plaintiffs, but asserts that if held liable to Plaintiffs, Bulk Alternative is entitled to indemnification and/or contribution for Third Party Defendants' negligence contributing to the loss alleged in the original Complaint.

19. Defendant Bulk Alternative asserts that if liable to Plaintiffs, it is entitled to indemnification and/or contribution under the terms of the written contract executed on March 1, 2012 between Bulk Alternative and AMS Staff Leasing requiring AMS Staff Leasing to cover Bulk Alternative's potential exposure that exists as to Workers Compensation claims.

Since Bulk's underlying claims are at least in part contract based, there conceivably could be a right to common law indemnification. Therefore the Court finds Bulk's proposed Amended Third Party Complaint is not futile as Bulk has alleged sufficient facts to state a claim for relief that is facially plausible.

IV.     **CONCLUSION**

For the reasons set forth above, Bulk's Motion to Amend the Third Party Complaint is GRANTED.   An appropriate Order follows.

Dated: March 30, 2015


s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

14