**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

LIBERTY INSURANCE CORPORATION, et al.,

        Plaintiffs,

        v.

BULK EXPRESS LOGISTICS, INC., et al.,

        Defendants/Third-Party Plaintiffs,

        v.

IRON BOUND BUSINESS INSURANCE AGENCY, INC., et al.,

        Third-Party Defendants.

Civil Action No. 13-5941 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

        This matter comes before the Court on Third-Party Defendant Breckenridge Enterprises, Inc.'s, doing business as AMS Staff Leasing,[1] ("AMS") motion to dismiss Third-Party Plaintiffs Bulk Express Logistics, Inc. ("Bulk Express"), Bulk Alternative Logistics, Inc. ("Bulk Alternative"), RNA Leasing, Inc., Robert Lombard, and Charlene Lombard's (collectively, "Third-Party Plaintiffs") Second Amended Third-Party Complaint ("Third-Party Complaint") based on a forum selection clause pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 58.) Third-Party Plaintiffs opposed the motion (ECF No. 63), and AMS

---

[1] Improperly pled as Breckenridge Enterprises, Inc. d/b/a AMS Staff Leasing, Inc. n/k/a Highpoint Administrative Services, Inc.

replied (ECF No. 64).  The Court has carefully considered the parties' submissions and decides

the matter without oral argument pursuant to Local Civil Rule 78.1.  For the reasons stated below,

AMS's motion to dismiss is denied.

## I.    **Background**

The underlying complaint in this matter relates to alleged workers' compensation fraud by

Third-Party Plaintiffs arising out of insurance policies Plaintiffs Liberty Insurance Corporation

and LM Insurance Corporation ("Plaintiffs") issued to Bulk Express and Bulk Alternative.

(Second Am. Third-Party Compl. ("Third-Party Compl.") ¶¶ 2-4, ECF No. 48.)  Bulk Alternative

and AMS entered into the Client Participation Service Agreement (the "Agreement"), dated March

1, 2012, agreeing that AMS would provide staff leasing services to Bulk Alternative.  (*See* Third-

Party Compl., Ex. A ("Agreement"), ECF No. 48-1.)  Under the Agreement, AMS also agreed "to

obtain and provide Workers' Compensation & Employer's Liability Insurance" and name Bulk

Alternative as the "Alternate Employer" on the policies.  (*Id.* ¶ 4.)  In the Third-Party Complaint,

"Bulk Alternative asserts that if liable to Plaintiffs [in the underlying action], it is entitled to

indemnification and/or contribution under the terms of the written contract executed on March 1,

2012 . . . requiring AMS . . . to cover Bulk Alternative's potential exposure that exists as to Workers

Compensation claims." (Second Am. Third-Party Compl. ¶ 20.)  Count Three of the Third-Party

Complaint, the only count against AMS, alleges that AMS, along with others, "procured the

Workers' Compensation Insurance Policy listed on the certificates of insurance" provided to

Plaintiffs by Bulk Alternative and "[t]o the extent that [Plaintiffs] rejected these policies as invalid,

and [are] found liable for any amount of damages to Plaintiffs, Bulk Alternative is due

indemnification from" AMS.  (*Id.* ¶¶ 33-34.)

## II.     Legal Standard

The Third Circuit has held that a Rule "12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum." *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). Additionally, federal courts apply "federal law when determining the effect of forum selection clauses because '[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature.'" *Wall St. Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 84 (3d Cir. 2006) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)).

"Forum selection clauses are entitled to great weight, and are presumptively valid." *Id.* at 85 (citing *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983)). The Supreme Court has held that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause is "unreasonable" where the party opposing its enforcement can make a "strong showing" that: (1) "the clause was procured through 'fraud or overreaching'"; (2) its enforcement would contravene a strong public policy of the forum; or (3) "the forum . . . selected is so gravely difficult and inconvenient that [the party] will for all practical purposes be deprived of [its] day in court." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (internal citations omitted); *see also M/S Bremen*, 407 U.S. at 10, 15, 18.

## III.    Analysis

AMS seeks dismissal of Bulk Alternative's claim for indemnification and contribution against it in the Third-Party Complaint pursuant to the forum selection clause in the Agreement.

3

(AMS's Moving Br. 4-6, ECF No. 58-1.) Under the heading "Terms and Conditions," the Agreement contains a forum selection clause stating:

> 6. Jurisdiction, Choice of Law and Forum. This Agreement shall be governed and construed in accordance with the substantive laws of the State of Texas. AMS is based in Dallas, Texas, and this Agreement is to be partially performed in Dallas, Texas. It is agreed that any and all disputes arising out of this Agreement will be heard and decided in a State District or County Court located in Dallas County, Texas.

(Agreement ¶ 6.)[2] In opposition, Third-Party Plaintiffs argue that the forum selection clause in the Agreement is unreasonable because: (1) it is the result of overreaching by AMS; (2) enforcement would violate New Jersey's strong interest in litigating insurance claims and New Jersey's entire controversy doctrine; and (3) enforcement would result in serious inconvenience for all the parties involved.[3] (Third-Party Pls.' Opp'n Br. 7-17, ECF No. 63.)

First, Third-Party Plaintiffs argue that there was "overreaching" by AMS because: (1) the Agreement was negotiated between their insurance broker and AMS; (2) Thomas McCabe, who signed the Agreement on behalf of Bulk Alternative, had no notice of the forum selection clause,

---

[2] It should be noted that the Agreement also contains an arbitration provision. Neither party, however, argues that this claim should be submitted to arbitration. The provision states: "AMS and [Bulk Alternative] agree to resolve any disputes they may have against each other by arbitration. It is expressly agreed and understood that all other disputes shall be resolved by arbitration in accordance with the rules, guidelines and procedures of the American Arbitration Association." (Agreement ¶ 9.)

[3] Third-Party Plaintiffs additionally argue that because the forum selection clause does not apply to a non-signatory and Thomas McCabe, a former employee of Bulk Alternative, signed the Agreement, Third-Party Plaintiff Robert Lombard individually is free to bring claims for indemnification against AMS. (Third-Party Pls.' Opp'n Br. 6, ECF No. 63.) The only claim alleged in the Third-Party Complaint against AMS is by Bulk Alternative in Count Three for contribution and indemnity based on the Agreement. "In deciding this motion to dismiss pursuant to [Rule] 12(b)(6), the Court is limited to examining the pleadings, and therefore need not address this issue." *Person v. Teamsters Local Union 863*, No. 12-2293, 2013 WL 5676802, at \*4 n.5 (D.N.J. Oct. 17, 2013) (citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

no business school training, and was advised by the insurance broker to sign the Agreement; and (3) AMS conducted business with a New Jersey company through an agent in New Jersey, so there is no rational reason for the forum selection clause other than to make litigation difficult. (Third-Party Pls.' Opp'n Br. 7-9.)  In response, AMS argues that "[w]hat Bulk Alternative fails to consider, however, is the fact that the Agreement involved long haul drivers working across multiple states" and the facts Third-Party Plaintiffs assert in support of their argument do not constitute overreaching.  (AMS's Reply Br. 5, ECF No. 64.)

Initially, it should be noted that Third-Party Plaintiffs provided the Court with no support for the facts they allege in their opposition brief by certification or otherwise.  However, AMS does not challenge Third-Party Plaintiffs' arguments on this ground.  Additionally, the failure of the representative of Bulk Alternative to read the Agreement does not constitute overreaching by AMS.  This Agreement was entered into between two businesses, and the facts alleged by Third-Party Plaintiffs do not indicate that Bulk Alternative was deceived or coerced into accepting the provision.  Accordingly, Bulk Alternative has not met its burden to show that the forum selection clause is unreasonable due to overreaching by AMS.

Second, Third-Party Plaintiffs argue that New Jersey[4] has a strong interest in the litigation of their contribution and indemnity claim based on the New Jersey Supreme Court's holding that "[i]nsurance is so essential a part of the area of a State's primary responsibility that the State's power should not depend upon where the parties choose to contract for the insurance or to pay for

---

[4] "Contrary to [Third-Party] Plaintiffs' contentions, New Jersey public policy is only persuasive authority on this issue because, as stated above, federal law governs the effect given to forum selection clauses in diversity cases." *Bonanno v. Quiznos Master LLC*, No. 06-01415, 2006 WL 3359673, at *4 (D.N.J. Nov. 17, 2006) (citing *Cadapult Graphic Sys., Inc. v. Tektronix, Inc.*, 98 F. Supp. 2d 560, 565 n.3 (D.N.J. 2000)).  Furthermore, in a diversity case as this, "[w]hile the forum's public policy deserves substantial weight, it is not dispositive." *Cadapult Graphic Sys., Inc.*, 98 F. Supp. 2d at 565 n.3.

the loss." (Third-Party Pls.' Opp'n Br. 10 (quoting *Howell v. Rosecliff Realty Co.*, 52 N.J. 313, 324 (1968).) Because as part of the Agreement it was AMS's responsibility to obtain and provide workers' compensation insurance, Third-Party Plaintiffs argue that even though the Agreement is not "specifically an insurance policy" it provides insurance to residents of New Jersey and therefore New Jersey has "a superior interest in exercising jurisdiction to protect the rights of its citizens." (*Id.* at 11-12.) In response, AMS argues that the case law on which Third-Party Plaintiffs rely is not applicable, and, at most, stands for the proposition that forum selection clauses are unenforceable as to liability insurance policies relating to property located entirely within New Jersey. (AMS's Reply Br. 7.) The Court agrees with AMS. The facts of this case are easily distinguishable, as AMS explains in its reply brief, from the limited ruling by the New Jersey Appellate Division in *Param Petroleum Corp. v. Commerce & Industry Insurance Co.*, 296 N.J. Super. 164, 169 (App. Div. 1997), on which Third-Party Plaintiffs primarily rely.

Additionally, Third-Party Plaintiffs argue that enforcement of the forum section clause would result in "a piece meal, inconclusive and unfair approach to litigation" which is contrary to New Jersey's entire controversy doctrine. (Third-Party Pls.' Opp'n Br. 12-14.) "New Jersey's entire controversy doctrine is an extremely robust claim preclusion device that requires adversaries to join all possible claims stemming from an event or series of events in one suit." *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 135 (3d Cir. 1999). Furthermore, although the New Jersey Supreme Court has found that the entire controversy doctrine does reach some third-party claims for indemnity, it has also noted that "[s]ome forms of indemnity will truly not have accrued until the conclusion of the underlying litigation," and thus are not reached by the doctrine. *Harley Davidson Motor Co. v. Advance Die Casting, Inc.*, 150 N.J. 489, 502-03 (1997). Neither party has provided this Court with any New Jersey case law demonstrating whether a New Jersey court

6

would apply the entire controversy doctrine to the set of facts here, and, as such, the Court will not engage in that analysis. However, Third-Party Plaintiffs' argument is persuasive and the Court finds that New Jersey's strong policy objectives behind the entire controversy doctrine to "encourage the comprehensive and conclusive determination of a legal controversy" and "to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation," *id.* at 496, deserve substantial weight in this Court's determination of whether the forum selection clause is reasonable.

Lastly, Third-Party Plaintiffs argue that enforcement of the forum selection clause would result in serious inconvenience to all the parties involved because: (1) Third-Party Plaintiffs are located in New Jersey; (2) Plaintiffs sued them in this Court in New Jersey; (3) the agent who signed the Agreement on behalf of AMS maintains an office in New Jersey and signed the Agreement in New Jersey; (4) AMS has litigated cases all over the country; and (5) Third-Party Plaintiffs do not have the resources to litigate this dispute in Texas. (Third-Party Pls.' Opp'n Br. 14-17.) In response, AMS argues that mere inconvenience and additional expenses are insufficient to demonstrate that a forum selection clause is unreasonable. (AMS's Reply Br. 9-11.) Although the Court agrees that inconvenience and additional expenses alone are insufficient to find for Third-Party Plaintiffs, piecemeal litigation and the waste of judicial resources in this case warrant a finding of unreasonableness. *See Martin v. Pomeroy Computer Res., Inc.*, 87 F. Supp. 2d 496, 504 (W.D.N.C. 1999); *Woods v. Christensen Shipyards, Ltd.*, No. 04-61432, 2005 WL 5654643, at *7-9 (S.D. Fla. Sept. 23, 2015); *Mylan Pharm., Inc. v. Am. Safety Razor Co.*, 265 F. Supp. 2d 635, 639 (N.D. W. Va. 2002); *Nippon Fire & Marine Ins. Co. v. M/V Sorinqwave*, 92 F. Supp. 2d 574, 577 (E.D. La. 2000); *Pixel Enhancement Labs., Inc. v. McGee*, No. 97-12283, 1998 WL 518187, at *2-3 (D. Mass. Aug. 5, 1998). The underlying action in this case has been pending

since 2013. Most, if not all, of fact discovery is complete in the underlying action. (ECF No. 69.) Having the underlying action and the remaining portion of the third-party action go forward in this Court, and forcing Bulk Alternative to refile its contribution and indemnity claim as to AMS in Texas will result in piecemeal litigation and the wasting of judicial resources in Texas state court.

Therefore, based in part on New Jersey's strong interest in encouraging comprehensive litigation of matters as evidenced through its entire controversy doctrine and the inconvenience to Bulk Alternative, and the Texas state courts, of having to litigate an issue that involves the same facts, legal theories, and parties already before this Court, the Court finds the forum selection clause to be unreasonable.

## IV.    Conclusion

For the reasons set forth above, AMS's motion to dismiss is denied. An order consistent with this Memorandum Opinion will be entered.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

**Dated:** May 16, 2016

8